UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:21-CV-00314-CHB-EBA

JOHN GEORGE BOULDER,                                                                                    PLAINTIFF,

V.   **REPORT AND RECOMMENDATION**

LARRY CHANDLER,
*Warden, Little Sandy Correctional Complex*,                                                   DEFENDANT.

*** *** *** ***

## I. INTRODUCTION

John Boulder, a state prisoner, alleges that his imprisonment is unconstitutional. Proceeding *pro se*, he brings this 28 U.S.C. § 2254 action, [R. 1], and requests the Court to "discharge[] [him] of his unconstitutional confinement and relieve[] [him] of his unconstitutional conviction and sentence[.]" [R. 1-1 at pg. 10]. The Warden filed an Answer. [R. 9]. Boulder replied. [R. 16]. This matter is ripe for review.

## II. FACTS AND PROCEDURAL HISTORY

On March 27, 2017, a Commonwealth of Kentucky grand jury indicted Boulder for first-degree assault (KRS § 508.010), fourth-degree assault domestic violence minor injury (KRS § 508.030), and tampering with physical evidence (KRS § 524.100). Following a jury trial, Boulder was convicted of second-degree assault (KRS § 508.020) and fourth-degree assault domestic violence minor injury. Further, the jury found Boulder guilty of first-degree persistent felony offender (KRS § 532.080(3)). In all, Boulder was sentenced to serve twenty years in prison.

Boulder appealed his conviction as a matter of right to the Kentucky Supreme Court. The Kentucky Supreme Court affirmed Boulder's conviction on April 18, 2019. *Boulder v.*

*Commonwealth*, 2019 WL 1747339, at *7 (Ky. Apr. 18, 2019). From April 19, 2019, Boulder had ninety days to petition the United States Supreme Court for a writ of certiorari. U.S. SUP. CT. R. 30.1 He did not do so. In March of 2020, Boulder filed a state court motion to vacate his conviction pursuant to KY. R. CRIM. P. 11.42. The Fayette Circuit Court denied Boulder's motion. [R. 1-1 at pgs. 31–46]. Boulder filed a timely appeal to the Kentucky Court of Appeals, but later moved to dismiss the appeal. *See* [R. 16 at pg. 2]. The Kentucky Court of Appeals granted Boulder's motion and dismissed his appeal on August 5, 2021. [R. 1-1 at pg. 47]. Boulder filed this Section 2254 petition on December 3, 2021. [R. 1].

### III. STANDARD OF REVIEW

This Court is required to review Boulder's request for habeas corpus relief pursuant to the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA allows state prisoners to seek federal habeas corpus relief on the ground that they are in custody in violation of the Constitution, law, or treaties of the United States. 28 U.S.C. § 2254(a); *Reed v. Farley*, 512 U.S. 339, 347 (1994). The AEDPA states:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

The AEDPA's demanding standard of review only applies to claims that were adjudicated in state court *on the merits*. Consequently, before addressing the merits of any claim in this habeas petition, the Court must first find that certain procedural requirements are present, such as

compliance with the AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d).

The AEDPA mandates that state courts should enjoy the first opportunity to cure a constitutional claim. This rule stems from the understanding that state courts are obligated to follow federal law and from the desire for comity between the state and federal court systems. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). So, federal courts do not analyze a petitioner's claim *de novo* under Section 2254. That means this Court must grant the state court deference in reviewing Boulder's petition. The state court's factual determinations "are presumed correct absent clear and convincing evidence to the contrary." 28 U.S.C. § 2254(e)(1). So, the Court must give complete deference to evidence-supported state court findings of fact pursuant to the presumption of correctness. *Id.* A state court decision, adjudicated on the merits based on a factual determination, will not be overturned on factual grounds unless objectively unreasonable considering the evidence presented in the state-court proceeding. 28 U.S.C. § 2254(d)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Thus, "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [the United States Supreme Court's] precedents." *Nevada v. Jackson*, 569 U.S. 505, 508 (2013) (per curiam) (internal quotation marks omitted). Note that "circuit precedent does not constitute clearly established federal law" under the AEDPA. *Parker v. Matthews*, 567 U.S. 37, 48 (2012).

In sum, the AEDPA creates "a highly deferential standard for evaluating state-court rulings," and demands that "state-court decisions be given the benefit of the doubt." *Davis v. Lafler*, 658 F.3d 525, 530 (6th Cir. 2011). The AEDPA erected a "formidable barrier" to federal habeas corpus relief for those state prisoners whose claims were fully adjudicated in state court, requiring they show that the state court's ruling "was so lacking in justification that there was an error . . . beyond any possibility for fair-minded disagreement." *Burt*, 571 U.S. at 20 (quoting

*Harrington v. Richter*, 562 U.S. 86, 103 (2011)). Still, for a petitioner's claims to merit review, he must meet certain procedural requirements, or otherwise show a miscarriage of justice.

### IV. ANALYSIS

Importantly, the Warden asserts untimeliness as a defense to Boulder's Section 2254 petition. [R. 9 at pg. 1, 3, & 9–10]. So, before reaching the merits of Boulder's petition, the Court must determine whether it is timely filed. *Daniels v. United States*, 532 U.S. 374, 381 (2001) ("Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

**A. BOULDER'S PETITION IS UNTIMELY.**

Under the AEDPA, prisoners have one year from the date that their conviction becomes final to petition a federal district court for habeas corpus relief. 28 U.S.C. § 2244(d). Of course, the one-year statute of limitations can be tolled upon the filing of an "application for State post-conviction or other collateral review[.]" 28 U.S.C § 2244(d)(2).

After appealing his conviction as a matter of right, the Kentucky Supreme Court affirmed Boulder's conviction on April 18, 2019. For ninety days after, Boulder could have petitioned the United States Supreme Court for a writ of certiorari. Because "the day of the act, event, or default from which the designated period begins to run is not included," that ninety-day period began to run on April 19, 2019 and ended July 18, 2019. U.S. SUP. CT. R. 30.1. Also, statutes of limitation do not include the date from which the period begins to run, so Boulder's one-year time limit started running on July 19, 2019 and ended on July 18, 2020. FED. R. CIV. P. 6(a). However, July 18, 2020 was a Saturday, so Rule 6(a) provides that the period continued to run until Monday, July 20, 2020.

In March of 2020, Boulder filed a state court motion to vacate his conviction pursuant to

KY. R. CRIM. P. 11.42. Boulder and the Warden dispute the date of filing. The Warden points to the date that the Fayette Circuit Court filed Boulder's motion: March 30, 2020. In contrast, Boulder argues that the prisoner mailbox rule controls, so the motion should be deemed filed on March 19, 2020—the date he purports to have "placed his Petition in the prison mailbox[.]"[1] [R. 16 at pg. 2].

Indeed, in federal courts, "a pro se prisoner's [motion] is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). And the rule assumes "that, absent contrary evidence, a prisoner does so on the date he or she signed the [filing]." *Id.*; *see Goins v. Saunders*, 206 F.App'x 497, 498 n.1 (6th Cir. 2006). But in Kentucky, the prison mailbox rule applies only to direct appeals. *Moorman v. Commonwealth*, 484 S.W.3d 751, 754 (Ky. App. 2016) ("Kentucky adopted RCr 12.04(5), which created the prison mailbox rule" for direct appeals. Only "the equitable tolling doctrine still applies to post-conviction proceedings"); *Ordway v. Jordan*, 2020 WL 1285924, at *2 (W.D. Ky. Mar. 18, 2020) ("[RCr 12.04(5)] unambiguously states it applies to appeals. . . . [Post-conviction] motions are not entitled to the special filing rule under Kentucky state law."). And in the habeas context, the "timeliness of [a state] prisoner's post-conviction petition is governed by state statute." *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003). So, Boulder cannot benefit from the prisoner mailbox rule here.[2] His state court motion was filed March 30—not March 19—of 2020.

A properly filed state collateral attack motion tolls the one-year limitations period while it remains pending in the state courts. 28 U.S.C. § 2244(d)(2). Therefore, when Boulder's state court collateral attack motion was filed on March 30, 2020, the limitations period tolled. By this point, 255 days had elapsed, leaving 110 days remaining for Boulder to file a habeas petition in federal

---

[1] The Court notes that there is no evidence in the record to verify whether Boulder placed his state court motion in the prison mailbox on March 19, 2020.
[2] Moreover, even as a *pro se* petitioner, that Boulder misunderstood Kentucky's prisoner mailbox rule does not impact the timeliness of his petition. *Keeling v. Warden, Lebanon Correctional Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (holding that "lack of knowledge of the law [is] not sufficient to . . . excuse [a] late filing.").

court. Ultimately, the Fayette Circuit Court denied Boulder's motion, but Boulder timely appealed that decision to the Kentucky Court of Appeals. Throughout all this, the limitations period remained tolled. In June 2021, however, Boulder moved to dismiss his appeal. The Kentucky Court of Appeals granted Boulder's motion on August 5, 2021. On that day, the statute of limitations period began to run once more.

From August 5, 2021, Boulder had 110 days to file a petition for habeas corpus relief in federal court. That means, to be timely filed, Boulder must have "handed over to prison officials" his Section 2254 petition "for mailing to the court," on or before November 23, 2021. *Brand*, 526 F.3d at 925. Yet, applying the mailbox rule for federal filings, Boulder's petition was filed on December 3, 2021—ten days late. [R. 1 at pg. 15]; [R. 1-2 at pg. 11]. Thus, Boulder's petition is untimely.

### B. BOULDER IS NOT ENTITLED TO EQUITABLE TOLLING.

Nonetheless, even untimely habeas petitions may benefit from equitable tolling in limited circumstances.[3] *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001)). Specifically, equitable tolling permits federal courts to review a time-barred habeas petition "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011), *cert. denied*, 565 U.S. 964 (2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). To be entitled to equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Additionally, the petitioner "bears the

---

[3] This is because the one-year statute of limitations in AEDPA actions is not jurisdictional.

burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (citation omitted).

Boulder's Section 2254 petition is silent as to whether he is entitled to equitable tolling. *See* [R. 1]; [R. 1-1]. Still, in his Answer, the Warden asserts that Boulder is not entitled to equitable tolling. [R. 9 at pgs. 10–11]. Specifically, the Warden points out that Boulder does not "argue that he is entitled to equitable tolling," and that he "makes no showing that either 'extraordinary circumstances' exist to cause his delay in filing or that he exercised due diligence." [*Id.*]. Therefore, the Warden concludes, Boulder "is not entitled to equitable tolling." [*Id.*]. After reviewing the Warden's Answer, Boulder prepared a reply in which, among other things, he requests "leave to argue that he is entitled to equitable tolling" *only* in the event "this Court determines that his Petition was not tolled by the prison mailbox rule[.]" [R. 16 at pg. 3].

While true that the Court must liberally construe Boulder's *pro se* pleadings, *see Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016), this is the "only special consideration" that *pro se* litigants are afforded in federal district court. *Gueye v. U.C. Health*, 2014 U.S. Dist. LEXIS 141834, at *5 (S.D. Ohio Oct. 6, 2014). Boulder must still comply with the Federal Rules of Civil Procedure and all other authority governing pleadings and motion practice. Preparing and filing a reply is no exception. "[T]he purpose of a reply brief [is] to address the opposing party's arguments raised in a response brief." *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F.Supp.2d 791, 797–98 (W.D. Tenn. 2012). By moving for leave to advance an argument that he failed to raise earlier, Boulder missed the mark in drafting his reply. *See Bolton v. United States*, 2017 WL 325253, at *5 n.4 (E.D. Tenn. Jan. 23, 2017) (noting that "the scope of such a reply is limited to rebuttal of arguments raised in the response."). Further, it is inappropriate that Boulder seeks leave to do so *only if he loses on the issue of the mailbox rule*.

In sum, while Boulder "bears the burden of demonstrating that he is entitled to equitable

tolling[,]" his petition is silent on the issue.[4] *McClendon*, 329 F.3d at 494 (citation omitted); [R.1]; [R. 1-1]. Consequently, Boulder fails to make any showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Without such a showing, the Court cannot reach the merits of Boulder's untimely petition.

C. **IF BOULDER REQUESTS A CERTIFICATE OF APPEALABILITY, IT SHOULD BE DENIED.**

A Certificate of Appealability may issue where a movant made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find that the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039–40 (2003). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Boulder failed to comply with the statute of limitations and reasonable jurists would not debate the dismissal of Boulder's Section 2254 petition as untimely. Therefore, the undersigned will recommend that the District Court deny a Certificate of Appealability.

---

[4] Further, the first time Boulder mentioned equitable tolling was in his reply, where he improperly moved for leave to advance an additional tolling argument *only* if he did not prevail on his prisoner mailbox rule argument. [R. 16 at pg. 3]; *see Bolton*, 2017 WL 325253, at *5 n.4 ("Because replies are not the proper vehicle for asserting novel grounds for relief, the Court declines to address the improperly raised claim.").

## V. CONCLUSION

Boulder petitions the Court for a writ of certiorari under Section 2254. [R. 1]. However, his petition is untimely. Therefore, this Court will recommend the District Court deny Boulder's (1) Section 2254 petition and (2) Certificate of Appealability, if Boulder requests one.

## VI. RECOMMENDATION

Upon review of the record, and for the reasons stated herein, and in accordance with Rule 10 of the Rules Governing Section 2254 Habeas Cases, IT IS RECOMMENDED that:

1. Boulder's Section 2254 petition [R. 1] be DISMISSED WITH PREJUDICE;

2. Boulder's motion for leave [R. 16] be DENIED; and

3. A Certificate of Appealability be DENIED as to all issues raised, should Boulder so request.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

Signed November 7, 2022.



**Signed By:**

*Edward B. Atkins*   ℰβΛ

**United States Magistrate Judge**