UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JOHN GEORGE BOULDER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5:21-CV-314-CHB |
| | ) | |
| v. | ) | |
| | ) | **ORDER ADOPTING** |
| LARRY CHANDLER, Warden, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **ON HABEAS CORPUS PETITION** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On November 7, 2022, Magistrate Edward B. Atkins entered a Report and Recommendation ("R&R") suggesting dismissal of Petitioner John Boulder's habeas corpus petition as time-barred. [R. 19 at 4–8]. The R&R did not reach the merits of Boulder's sole substantive claim that the instruction given pursuant to *Allen v. United States*, 164 U.S. 492 (1896), to the impassed jury was improper and coercive. *See* [R. 1-1, pp. 3–10]; [R. 19, p. 9]. The R&R advised Boulder that he must file any objections to it within fourteen days as required by 28 U.S.C. § 636(b)(1)(C) and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. *See* [R. 19, p. 9].

Boulder did not file "objections" to the R&R; instead, he filed an Application for Certificate of Appealability. [R. 20]. On one hand, Boulder's Application specifically references the Magistrate Judge's R&R and the fourteen-day objection period. *See id.* at 1–2. On the other hand, Boulder does not argue in his Application that the Magistrate Judge erred in any respect. Rather, he contends this Court should grant a certificate of appealability ("COA") on the question of whether he is entitled to equitable tolling sufficient to render his petition timely filed. *See id.* at 2–5.

A party who fails to file a timely objection to a magistrate judge's recommendation generally waives any further right of review by the District Court and appeal to the Court of Appeals:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask.  Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard. ... a court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.

*Thomas v. Arn*, 474 U.S. 140, 154–55 (1985); *see also United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) ("In this circuit, the failure to object to a magistrate judge's Report and Recommendation results in a waiver of appeal on that issue as long as the magistrate judge informs the parties of the potential waiver. This court may, however, decline to apply the waiver rule where the district court's error is so egregious that failure to permit appellate review would work a miscarriage of justice.") (cleaned up).

A strict interpretation of Boulder's Application as seeking only a COA would pretermit further consideration of his claimed entitlement to equitable tolling. But the Court is mindful that the waiver rule is not mandatory, and that it has an obligation to liberally construe *pro se* filings, especially in the habeas context.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief") (cleaned up). The Court therefore will, as other courts have done in similar circumstances, construe petitioner's Application as both objections to the R&R and a request for a COA. *See Cf. Ricks v. Vannoy*, No. CV 21-0831, 2021 WL 3081887, at *1 (W.D. La. July 21, 2021) (construing petitioner's "Motion for Leave to

Appeal" as objections to the magistrate judge's report and recommendation and a request for a COA); *Victorian v. TDCJ Dir.*, No. 6:18-CV-654-JDK-KNM, 2020 WL 2541966, at *1 (E.D. Tex. May 19, 2020) (construing motion for COA as objection to magistrate judge's recommended disposition).

The Court first conducts a *de novo* review of the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1)(C). The R&R accurately sets forth the dates pertinent to determining the timeliness of Boulder's petition. On December 15, 2017, the Circuit Court of Fayette County, Kentucky, sentenced Boulder to twenty years imprisonment for second degree assault, fourth degree assault, and being a persistent felony offender in the first degree. The Kentucky Supreme Court affirmed his conviction and sentence on April 18, 2019. [R. 1, p. 2]. Beginning the following day, Boulder had ninety days—until July 18, 2019—to petition the United States Supreme Court for a writ of *certiorari*. U.S. SUP. CT. R. 13, ¶ 1.

When he failed to do so, the one-year period to file a federal habeas corpus petition commenced on July 19, 2019. *Giles v. Beckstrom*, 826 F.3d 321, 325 (6th Cir. 2016) ("The limitations period would be triggered following completion of a prisoner's direct appeal, either by the date on which a timely petition for certiorari was denied by the United States Supreme Court or, if no certiorari petition was filed, 90 days from entry of the state court's judgment when the time to file such a petition expired."); 28 U.S.C. § 2244(d)(1)(A) ("The [one-year] limitation period shall run from the latest of - the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]").

The limitations period continued to run until Boulder sought state post-conviction relief. *See* Section 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

shall not be counted toward any period of limitation under this subsection."). Boulder's RCr 11.42 motion was filed in Fayette Circuit Court on March 30, 2020. In response to the Respondent's challenge to the timeliness of his § 2254 petition in this Court, Boulder argued his RCr 11.42 motion was deemed filed on March 19, 2020—the day he alleges, without record evidence, that he mailed it—pursuant to the "prison mailbox rule." [R. 16, p. 2]. The Magistrate Judge correctly rejected this argument. [R. 19, p. 5]. The "timeliness of [a state] prisoner's post-conviction petition is governed by state statute." *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003). RCr 12.04(5) creates a prison mailbox rule, but it applies only to direct appeals, not post-conviction motions. *Moorman v. Commonwealth*, 484 S.W.3d 751, 754 (Ky. App. 2016); *McAlister v. Commonwealth*, No. 2014-CA-001267-MR, 2016 WL 1068998, at *4 (Ky. Ct. App. Mar. 18, 2016). Boulder's post-conviction motion was filed when it was received, not when it was mailed. *Ordway v. Jordan*, No. 5: 18-CV-189-TBR-LLK, 2020 WL 1285924, at *2 (W.D. Ky. Mar. 18, 2020). Thus, 255 days elapsed between the commencement of the one-year filing period on July 19, 2019, and Boulder's state post-conviction filing on March 30, 2020. Once Boulder's post-conviction motion was resolved, Boulder would have only 110 days remaining to file his habeas corpus petition in this Court. [R. 19, p. 6].

The Fayette Circuit Court denied Boulder's motion on May 27, 2020. [R. 9-3, p. 96]. Boulder appealed, but the Kentucky Court of Appeals dismissed the appeal at his request on August 5, 2021. *See id.* at 112. The limitations period therefore resumed running the next day because no state collateral review proceedings were pending. The deadline for Boulder to file his § 2254 petition was 110 days later, a period that expired on November 23, 2021. Boulder signed his § 2254 petition for filing with this Court on December 3, 2021. [R.1, p. 15]. "Under the prison mailbox rule, a habeas petition is considered filed when the prisoner provides the petition to prison

officials for filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012).[1] Even with the benefit of the prison mailbox rule, Boulder filed his petition on December 3, 2021, ten days after Section 2244(d)(1)'s one-year limitation period had passed, rendering the petition untimely.

In his response, Respondent further noted that Boulder had not even argued he was entitled to equitable tolling, let alone alleged facts demonstrating either that extraordinary circumstances impeded his filing or that he acted diligently in his efforts to file his petition. [R. 9, pp. 10–11]. Boulder did not respond to this argument; instead, he stated only that "if this Court determines that his Petition was not tolled by the prison mailbox rule he requests permission for leave to argue that he is entitled to equitable tolling" because numerous prison lockdowns caused by COVID-19 limited his ability to access to the law library or consult with an inmate legal aide. [R. 16, p. 3].

The Magistrate Judge properly rejected Boulder's attempt to defer presentation of his equitable tolling argument. [R. 19, pp. 7–8]. The question of timeliness encompasses both satisfaction of the limitations period and any entitlement to equitable tolling. A party therefore cannot assert one argument while holding another in reserve to be presented later, asserting his grounds for relief *in seriatim* rather than simultaneously. *Cf. Liberty Legal Found. V. Nat'l Democratic Party of the USA*, 875 F. Supp. 2d 791, 798 (W.D. Tenn. 2012) ("[T]he proper purpose of a reply brief [is] to address the opposing party's arguments raised in a response brief. To the extent that Plaintiffs seek leave to address the competitive standing argument further, the Court finds that Plaintiffs' sur-reply is merely an attempt to have the last word on the matter."); *see also United States v. Goldsmith*, No. 3:06CR101/LAC, 2011 WL 5362071, at *11 (N.D. Fla. Aug. 3, 2011), report and recommendation adopted, No. 3:06CR101/LAC, 2011 WL 5362065 (N.D. Fla.

---

[1]  The Respondent suggested that Boulder's petition was not filed until December 14, 2021, the day it was docketed in this Court. [R. 9, p.10]. The Magistrate Judge correctly rejected this position.  [R. 19, pp. 5–6].

Nov. 3, 2011) (rejecting § 2255 movant's assertion that he "reserves the right to file a memorandum of law and arguments in support of this claim," and noting "[t]he mere fact that a litigant states that he 'reserves his right' to do something does not mean that such a right actually exists"); *Scottsdale Ins. Co. v. King Bird Fireworks, LLC*, No. 4:19-CV-0109-HLM, 2019 WL 9812918, at *1 (N.D. Ga. Dec. 11, 2019) ("the Court generally requires a party to assert all arguments in the initial response to a Motion. Simply stating that a party reserves the right to assert additional arguments is not enough. If the Court allowed parties to amend responses or Motions at will, the briefing processes for Motions would never be complete."). The Court therefore overrules Boulder's construed objections to the Magistrate Judge's R&R.

Boulder's Application also seeks a COA, arguing that he is entitled to equitable tolling. [R. 20, pp. 2–5]. Boulder acknowledges that he reached a firm but erroneous conclusion regarding the limitations period before filing his petition. *See* [R. 20, p. 2 ("Petitioner erroneously calculated the one-year statute of limitations[.]"). But he still argues he is entitled to equitable tolling because a COVID-19 outbreak at the prison limited his access to the law library and to the inmate legal aide who was assisting with his filings:

> Petitioner believed that his [§ 2254 petition] was timely filed therefore did not request equitable tolling at the time of his filing. Petitioner believed that when he filed his RCr 11.42 motion on March 19, 2020, and not on March 30, 2020 when the Kentucky courts received it and filed it, and additional eleven days which would have made his habeas due on December 4, 2021 and not November 23, 2021. Up to this point, Petitioner had been pursuing his rights diligently. Unbeknownst to him, another Covid-19 outbreak at his facility led to another lockdown with NO access to the law library or access to any legal aides at the facility. Due to the lockdown he was confined to his cell for 24 hours a day except to shower every other day. He was not allowed to talk to other inmates or consult with his legal aide who lived in another dorm and had his legal documents. During this lock-down, the Attorney General's answers were received and was ordered to respond by March 18, 2022. Petitioner had no way of communications with his legal aide except through postage prepaid mail and timely filed an extension of time which was granted until May 16, 2022.

*Id.* at 4. (cleaned up and some dates corrected). Notably, Boulder does not clearly identify the time period when the prison was supposedly on lockdown because of the coronavirus outbreak. And what time periods he does reference for the lockdown are in spring 2022, long *after* his petition was due, not before. If anything, Boulder's argument suggests that he was impeded from responding to the Respondent's equitable tolling argument in his reply (which he filed in May 2022, *see* [R. 16]), not from calculating the deadline for his § 2254 petition in fall 2021 before he filed it. *See* [R. 13 (Motion for Extension of Time to File Response), p. 1] ("On January 26, 2022, Little Sandy Correctional Complex was put on institutional lockdown due to the spike in Covid-19 infections. Petitioner has no access to the law library due to the lockdown and does not know when he will be released to respond.") (cleaned up).

Boulder's Application is wanting in two respects. Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See also* Rule 11 of the Rules Governing Section 2254 proceedings. Because appeal must be predicated upon the denial of a *constitutional* right, in cases like this one where the petition is dismissed purely on procedural grounds, a COA may only issue if the movant shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Thus, "determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal." *Id.* at 484–85. In his Application, Boulder argues only that the procedural ruling, the timeliness of his petition, is fairly debatable; he makes

no effort to argue that his substantive *Allen* claim meets the *Slack* standard. He has therefore failed to establish entitlement to a COA. *See Penney v. Sec'y, Dep't of Corr.*, 707 F.3d 1239, 1242 (11th Cir. 2013), vacated as moot, (Apr. 15, 2013) ("The COA our court issued in this case does not meet the requirement of § 2253(c)(3) because it certifies only the procedural question of whether the district court properly dismissed the petition for untimeliness and omits any substantive question of whether Penney was denied a constitutional right.").

Independent of that critical omission, Boulder fails to establish any colorable argument for equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling may permit review of an otherwise time-barred habeas corpus petition if the "litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (*quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)). But courts apply the doctrine sparingly and the petitioner bears the burden of proving that it applies. *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). In the end, "absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561.

Here, Boulder's Application makes clear that he intentionally timed the filing of his § 2254 petition, but did so based upon a misunderstanding of the prison mailbox rule. *See* [R. 20, pp. 2, 4] ("Petitioner erroneously calculated the one-year statute of limitations . . . "Petitioner believed that his [§ 2254 petition] was timely filed therefore did not request equitable tolling at the time of his filing."). Courts have repeatedly held that a party's misunderstanding of the law does not

warrant equitable tolling. *Keeling*, 673 F.3d at 464 (holding that "lack of knowledge of the law [is] not sufficient to . . . excuse [a] late filing."); *Giles*, 826 F.3d at 325 ("Generally, an attorney's misunderstanding of a filing deadline is not grounds for equitable tolling."); *Holland v. Florida*, 560 U.S. 631, 649 (2010) ("A simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling.") (cleaned up). The same is true even where the party proceeds without counsel. *March v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (cleaned up); *Turner v. Smith*, 70 F. Supp. 2d 785, 787 n.1 (E.D. Mich. 1999) ("However, neither 'excusable neglect' nor ignorance of the law alone is sufficient to invoke equitable tolling.") (citing *Rose v. Dole*, 945 F. 2d 1331, 1335 (6th Cir. 1991)).

In light of the foregoing, the Court concludes that Boulder has failed to establish that reasonable jurists would find the Court's resolution of the timeliness issue debatable.

Accordingly, the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

1.   The Court **ADOPTS** the Magistrate Judge's Report and Recommendation **[R. 19]** as the opinion of the Court.

2.   John George Boulder's Petition for a Writ of Habeas Corpus **[R. 1]** is **DENIED**.

3.   John George Boulder's Application for a Certificate of Appealability **[R. 20]** is **DENIED**.

4.   The Court will enter a Judgment contemporaneously with this Order.

5.   This matter is **STRICKEN** from the docket.

This the 17th day of March, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY